MANUEL BERRÍOS VARGAS, ETC., Plaintiff and Appellant *v.* LUZ MARÍA RIVERA, Defendant and Appellee.

No. 9766. Argued January 14, 1949.—Decided February 14, 1949.

*Faustino R. Aponte* for appellant. *Mariano Acosta Velarde* for appellee.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

The minor Manuel Berríos Vargas, represented by his mother with *patria potestas*, brought an action for the recovery of a legacy of money.

According to the first five paragraphs of the complaint, Sixto Rivera Cintrón, the legitimate father of the defendant, executed an open will before Notary Rafael Dávila Ortiz and declared defendant his sole and universal heir and left to the plaintiff a legacy of $500. In the sixth and last paragraph of the complaint it is alleged that the defendant took possession of all the property of the estate and that she has

refused to pay the legacy. The answer admits the first five paragraphs of the complaint and with respect to the sixth it denies that the defendant has taken possession of all the property belonging to her father or of any property left by him or that her father left at his death property of any kind or value whatsoever.

A hearing was held and the complaint was dismissed on the merits. In its opinion the lower court goes over the evidence and concludes that the testator left no property at his death. Nevertheless, appellant urges that the complaint should have been granted because, even though the testator did not leave any property the heiress was liable for the debts and the obligations of the testator, including the legacy.[1]

 In order for an heir to be liable for the charges on the estate, with the property of the same or with his own, the acceptance of the inheritance must be pure and simple.[2] In the absence of such acceptance, either express or implied,[3] no liability arises for the debts of the testator nor for the charges or legacies provided in the will.

 The opinion of the lower court does not show that the appellee had accepted the inheritance, pure and simple. But even if she had, we are bound to conclude that the court was right in dismissing the complaint. This is so because a forced heir, as appellee herein, though responsible for the

---

[1] Appellant has not raised the transcript of the evidence but due to the position he assumes in this appeal, the transcript is not necessary.

[2] Section 957 of the Civil Code provides:

"Through an acceptance, pure and simple, or without benefit of inventory, the heir shall be liable for the charges on the estate, not only with the property of the same, but also with his own."

[3] Section 953 of the Civil Code, in its pertinent part, provides:

"Pure and simple acceptances may be express or implied.

"An express acceptance is one made in a public or private instrument.

"Implied acceptance is one made by acts which necessarily imply a wish to accept, or acts which no one should have a right to execute except in the capacity of an heir.

". . . . . . . ."

debts and obligations of the deceased, is not liable in detriment to his legal portion, for the charges imposed in the will. To this effect § 746 of the Civil Code prescribes: "In order to determine the legal portion, the value of the property remaining on the death of the testator, after deducting all debts and charges, *without including therein those imposed in the will, shall be taken into consideration.*" (Italics ours.) In short, the testator can not impair the legal portion of the forced heir by any testamentary provision.

█ If the testator left no property, there is no legal portion or extra portion that can be used for the payment of the legacy. It is obvious that if the testator cannot impair the legal portion of the forced heir, much less can he impose on the latter the obligation to pay with his own property the charges left in his will.

The judgment is affirmed.